UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.S., a minor, by and through her parents and legal guardians, DAVID STRODE and SARAH STRODE,<br><br>Plaintiffs,<br><br>v.<br><br>WINSTON BROWN, individually, acting under color of State law; LUKE CONNOLLY, individually, acting under color of State law; DAVID OTEBELE, individually, acting under color of State law; and RACHEL SANDERS (STRAW), individually, acting under color of State law,<br><br>Defendants. | Cause No. 2:25-cv-02056-JHC<br><br>**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND REQUEST FOR FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND REQUEST FOR FEES

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 1

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Plaintiff's Motion lacks merit, and Defendants should be awarded their attorneys' fees incurred in responding to it. The evidence will show:

1. Plaintiff failed to confer with Defendants before filing her Motion, despite conferral being required by the rules under which she seeks to sanction Defendants.

2. Plaintiff seeks to sanction Defendants and their counsel *in this case* for routine discovery supplementation undertaken by DCYF *in Plaintiff's State Case* (in which no Defendant is a party).

3. In addition to the production of M.S.'s DCYF files, Counsel for DCYF in the State Case retained an e-discovery company to search the hard drives and network drives of key employees to ensure all relevant and discoverable information was located and produced as soon as it was ready.

4. Neither Defendants nor their counsel concealed anything.

5. The individual, non-custodial Defendants cannot conceal documents that they do not have access to and have not been provided.

6. Counsel for DCYF did not simply rely on documents provided by her client and instead took additional steps to ensure that relevant and discoverable documents were located and produced to Plaintiff.

7. Plaintiff is not entitled to sanctions under Rule 11 because Rule 11 does not apply to disclosures and discovery requests, responses, or objections.

8. Plaintiff is not entitled to sanctions under Rule 26 because defense counsel signed Defendants' discovery responses in conformity with binding and

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S                    Page 2
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

persuasive authority concerning what constitutes Rule 34 possession, custody, or control.

9. Plaintiff is not entitled to sanctions under Rule 37 because neither Defendants nor their counsel have disobeyed a discovery order.

## I. SUMMARY OF RESPONSE

Defendants reproduced the entirety of DCYF's State Case production on February 20, including a supplemental production made by DCYF on that same day.

This reproduction was made during the discovery period—months before the close of discovery, before either party has taken (or even requested) a single deposition, before any expert disclosures are due, and while trial remains seven months away.

This reproduction was also redundant—but for DCYF's most recent supplemental production of documents in M.S.'s State Case (also made on February 20), both Plaintiff and her counsel already possessed DCYF's State Case document production. Indeed, Plaintiff has relied heavily (almost exclusively) on DCYF's State Case document production to prosecute her claims in this Court.

DCYF's February 20 supplementation was its fifth production of documents in M.S.'s State Case. DCYF's document productions in M.S.'s State Case are summarized below:

| Documents | Date Produced |
|---|---|
| M_STRODE_000001-013835 | September 29, 2025 |
| M_STRODE_015734-015756 | October 27, 2025 |
| M_STRODE_015757-018118 | December 23, 2025 |
| M_STRODE_018119-018120 | January 16, 2026 |

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 3

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

| M_STRODE_018121-019134 | February 20, 2026 |
| M_STRODE_019135-019145 | February 24, 2026 |
| M_STRODE_019146-019153 | March 4, 2026 |

All the foregoing productions have been made by DCYF and its counsel with the assistance of an e-discovery vendor, Celerity/Array.[1] In fact, in M.S.'s State Case alone, Celerity/Array received over 1 million documents that Celerity/Array and counsel had to search through, review, and redact before they could be produced in M.S.'s State Case litigation.[2]

Plaintiff's Motion claims prejudice from DCYF's supplemental document production because at the time DCYF supplemented its document production, Defendants in the instant case had moved for summary judgment. Defendants offered to stipulate to additional, unlimited time for Plaintiff's response thereto. Plaintiff refused and instead threatened sanctions unless Defendants withdrew their Motion for Summary Judgment. So, at Plaintiff's request, Defendants withdrew their Motion for Summary Judgment before Plaintiff was required to file a response to afford Plaintiff more time to review DCYF's supplemental production.

Plaintiff filed a response to Defendants' withdrawn motion anyway (and one day early), supported by one document DCYF produced on February 20. Plaintiff has suffered no prejudice; Defendants have committed no misconduct. Plaintiff's Motion for Sanctions should be denied.

---

[1] *See* Exhibit 1, Declaration of Amy H. Craft.
[2] *Id.*

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 4

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

## II. PLAINTIFF FAILED TO CONFER

First, LCR 37 required Plaintiff to confer with Defendants before filing her Motion for Sanctions, "in an effort to resolve the dispute without court action." LCR 37(a)(1). Plaintiff repeatedly *threatened* Defendants with her Motion for Sanctions, but she never *conferred* with them to obviate the need for it before filing. The Court can deny Plaintiff's Motion on this basis alone. *Id.*

Second, Rule 37 of the Federal Rules of Civil Procedure likewise requires that a movant confer in good faith with the "person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff did not do so.

Third, Rule 11 outlines a detailed procedure for filing a motion for sanctions thereunder. A motion for Rule 11 sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiff did not do that.

Then, a motion for Rule 11 sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Plaintiff did not do that either, and her failure is fatal to her request for Rule 11 sanctions. *Freeze v. Gallagher*, Case No. C23-1135JLR, 2024 U.S. Dist. LEXIS 91149, at *1-2 (W.D. Wash. May 21, 2024) ("The Ninth Circuit mandates strict compliance with Rule 11's safe harbor provision. Failure to strictly comply with the safe harbor provision bars an award of sanctions under Rule 11(c)." (citing *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998) (other internal quotations and citations omitted)).

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 5

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Plaintiff has chosen to prioritize disparaging Defendants and their counsel over abiding by her own obligations under the rules. Plaintiff should not be rewarded for her disregard of rules designed specifically to guard against the frivolous motion practice she has elected to employ.

### III.   DEFENDANTS HAVE ACTED REASONABLY

In the six days that elapsed between DCYF's supplementation and Plaintiff's Motion for Sanctions, Defendants' counsel tried repeatedly to reason with Plaintiff.

**February 20, 2026**—Defendants reproduced DCYF's entire State Case document production to Plaintiff, accompanied by a letter summarizing the contents of the production.[3]

> With respect to the state court cases, as you know, we retained Celerity to review and analyze the inboxes, text messages, and one drives of relevant employees. As a result of that review, we are producing Bates Stamps M_STRODE_018121-019134. This production includes the following:
>
> - Text Messages between Magan Hale and Tabitha Culp
> - Text Messages between Magan Hale and Buffy Harper
> - Text Messages between Amber Alexander and Kathryn Busse
> - Text Messages between Olive Crest and DCYF Personnel
> - Text Messages between Magan Hale and M.S. ▮▮▮ biological parents
> - Text Messages between Magan Hale and Corena Barnett
>
> - Text Messages between Magan Hale and Mary Anderson, M.S. ▮▮▮ Court Appointed Special Advocate
> - Internal email correspondence between David Otebele, Luke Connolly, Rachel Sanders, Winston Brown, Kathryn Busse, Magan Hale, Buffy Harper and various DCYF supervisors and administrators
> - Emails between DCYF social workers, the AGO's office, attorneys for M.S. ▮▮▮ and her biological parents
> - Emails between DCYF social workers and Olive Crest
> - Emails between DCYF social workers and biological relatives of M.S. ▮▮▮.
>
> Included with this production is another Production Log for ease of reference as well as a supplemental privilege log, detailing the documents withheld. Emails and text messages have been redacted when the information is unrelated to M.S. ▮▮▮ or in connection to the stay of disputed discovery issued by the Court on November 5, 2025. This production is also included in our re-production in the federal court cases.

---

[3] *See* Exhibit 2, February 20 Letter from Craft.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 6

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Immediately following, Plaintiff's counsel accused Defendants' counsel of hatching a scheme against M.S., demanded that Defendants withdraw their then-pending Motion for Summary Judgment., and suggested his intent to move for sanctions.[4]

**February 21, 2026**—Defendants' counsel responded the following day.[5]

> **From:** Amy Craft
> **Sent:** Saturday, February 21, 2026 3:35 PM
> **To:** 'David P. Moody' <davidm@hbsslaw.com>
> **Cc:** Marty McLean <MartyM@hbsslaw.com>; Ryan Pittman <ryanp@hbsslaw.com>; James Chong <JamesC@hbsslaw.com>; Billy Kincaid <williamk@hbsslaw.com>; Emma Morse <t-emma.morse@hbsslaw.com>
> **Subject:** RE: this is not acceptable
>
> David,
>
> The last thing that I want you or the Strodes to think is that I would ever conceal a document, and I agree that doing so would be unethical. I do though have an affirmative duty to supplement discovery under Washington Civil Rule 26 and Federal Rule of Civil Procedure 26(e).
>
> In M.S. s state court case, DCYF timely responded to your discovery requests and produced documents from M.S. 's DCYF file. To ensure that all responsive materials were produced—not just those contained in M.S. s DCYF file—we retained Celerity, as we did in L.S.'s case, because I was not confident that all emails and text messages had been captured in the file. As stated in our discovery responses, "Defendant has retained Celerity, an e-discovery company, who is conducting thorough searches of email databases and text messages to verify that all communications have been received."
>
> Celerity processed inboxes and OneDrive accounts, after which all materials required attorney review and redaction. This is an extremely time-consuming process. From the outset, we understood that this review could uncover favorable or unfavorable information. Regardless, the intent was always to produce responsive materials—not conceal them. As part of this process, I specifically searched for an email transmitting the Order but did not locate one.
>
> These documents were reproduced in the federal case the same day they were produced in the state matter. To date, they have not been provided to our experts or anyone else. Only counsel of record have received them. The individual social workers do not have possession, custody, or control of these materials, and Defendants have not relied on them in any way.
>
> It remains our position that these documents do not establish deliberate indifference by the individual social workers, and I am therefore not inclined to withdraw the motion for summary judgment. However, **I am willing to stipulate to extending**

---

[4] *See* Exhibit 3, February 20 Email from Moody.
[5] *See* Exhibit 4, February 21 Email from Craft.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 7

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

[Continued]

> **Plaintiff's response deadline and stipulate to the filing of an amended summary judgment motion should you wish the Court to consider additional materials.**
>
> With respect to the Aiden's Act Review, as you know, it is discoverable but not admissible. It has not been provided to our experts or anyone else, and there has been no selective disclosure of materials to Defendants' experts that were withheld from Plaintiff.
>
> Plaintiff's early summary judgment filing was not anticipated. At no time have Defendants, our office, or the Office of the Attorney General concealed documents, misrepresented the existence of responsive materials, or otherwise failed to comply with discovery obligations in either the state or federal proceedings. The suggestion that Defendants withheld materials while representing to the Court that all responsive documents had been produced is incorrect.
>
> As you are aware, Defendants have consistently maintained that individual employees do not have possession, custody, or control over agency records maintained by DCYF, but because of Judge Chun's Order those documents have all been reproduced. Supplemental production under Rule 26(e) is not only appropriate —it is required when additional responsive information is identified. **I absolutely had to produce them when they were ready to be produced no matter what the records revealed** and not only did I produce them but I also provided an index or production log so that the items were identifiable.
>
> Please let me know if you are available for a call Monday morning. I am also available tomorrow, Sunday, if you prefer.
>
> Thank you,
>
> Amy

In response, Plaintiff's counsel ordered Defendants' counsel to "show some contrition," renewed his demand that Defendants strike their then-pending Motion for Summary Judgment, and demanded Defendants concede the relief requested in Plaintiff's Motion to Strike.[6] Without waiting for a response, Plaintiff sent Defendants' counsel another letter declaring his intent to file a motion for sanctions.[7]

---

[6] *See* Exhibit 5, February 21 Email from Moody.
[7] *See* Exhibit 6, February 21 Letter from Moody.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 8

**February 23, 2026**—On Monday morning, Defendants' counsel sent Plaintiff's counsel a letter, indicating that Defendants would withdraw their then-pending Motion for Summary Judgment.[8]

> You ask for "time to review" Friday's document production. You ask for time for the Court "to sort this out." We offered the following on Saturday:
>
> 1. Defendants will stipulate to Plaintiff amending or supplementing her pending Motion for Summary Judgment; and
> 2. Defendants will stipulate to extending Plaintiff's deadline to respond to Defendants' pending Motion for Summary Judgment.
>
> To date, you have rejected our proposed curative measures. Instead, you ask us to strike Defendants' Motion for Summary Judgment and concede that M.S. Motion for Partial Summary Judgment should be granted. In short, you ask us to concede the issue of liability on behalf of the federal court individual social worker defendants because of DCYF's supplemental document production, within the discovery period, in the state court case.
>
> This is an alarming request, and one that you know we cannot and do not agree to. Even before Friday's supplementation, you sent us a letter demanding that we withdraw our Motion for Summary Judgment or face a forthcoming motion for sanctions from you.
>
> In a last attempt to cooperate and allow Plaintiff to have additional time to review documents, today Defendants will strike their Motion for Summary Judgment but reserve the right to refile at a later date. The dispositive motions deadline is July 13, 2026. We are also requesting a status conference with the Court so that the parties can receive additional guidance on these issues. Trial is still eight months away. The seasonable supplementation of documents during the discovery period should not hamper any party's ability to prepare for trial. As always, I would prefer to cooperate with you and am open to working with you on these issues.

That same day, Defendants withdrew their then-pending Motion for Summary Judgment (Dkt. 52) and requested a discovery conference with the Court (Dkt. 53). Only a few hours later (and a day before her deadline to do so), Plaintiff filed her Response in Opposition to Defendants' **withdrawn** Motion for Summary Judgment. *See* Dkt. 54. In support thereof, she attached a portion of DCYF's February 20 document production. *See* Dkt. 55-1.

---

[8] *See* Exhibit 7, February 23 Letter from Craft.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 9

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

## IV. ARGUMENT AND AUTHORITIES

At bottom, Plaintiff's Motion challenges two things:

(1) Defendants' assertions that they lack possession, custody, and control over DCYF's documents; and

(2) Defendants' reproduction of DCYF's State Case document production while discovery was and is ongoing.

Neither of the foregoing is sanctionable.

### A. The Rule 37 Standard

Plaintiff moves for sanctions under Rule 37(b)(2)(A). *See* Motion at p.12. Contrary to Plaintiff's representation, Rule 37(b)(2)(A) does **not** authorize the Court to "impose sanctions for a party's failure to respond to interrogatories, requests for production or a discovery order[.]" Motion at p.12. Rather, the plain language of Rule 37(b)(2)(A) permits the Court to sanction a party only for "fail[ing] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Defendants have disobeyed no such order.

Rule 37(d)(1) permits the Court to sanction a party where a party or party's representative fails to appear at a properly noticed deposition or where a party fails to answer interrogatories or a request for inspection. Fed. R. Civ. P. 37(d)(1)(A)(i-ii). Notably **absent** from plain text of Rule 37(d)(1) is any discussion of requests for production. *Id.* Moreover, Rule 37(d)(1)(B) requires a movant thereunder to confer or attempt to confer "with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). So, even if Plaintiff moved for sanctions under Rule 37(d) (she did not), her Motion would still fail for her failure to confer.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 10

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Even if Plaintiff's recitation of the rule was correct (it is not), Defendants have not failed to respond to interrogatories or requests for production. Defendants provided robust responses to Plaintiff's interrogatories and requests for production, wherein they incorporated by reference the entirety of DCYF's State Case document production as documents for use by all parties in this case. *See* Dkt. 60. In so doing, Defendants intended to bring the State Case document production into discovery in this matter. Plaintiff ignores Defendants' incorporation by reference at every turn so that she can continue to malign Defendants and their counsel. *See* Dkt. 62.

## B. The Rule 11 Standard

Rule 11 establishes minimum requirements for representations made "to the court [in] a pleading, written motion, or other paper[.]" Fed. R. Civ. P. 11(b). Rule 11(d) expressly provides that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). *See also Stone v. Pfeiffer*, No. 1:21-cv-01461-ADA-SAB(PC), 2023 U.S. Dist. LEXIS 160404, at *7 (E.D. Cal. Sept. 8, 2023) ("Rule 11 does not apply to the discovery process.").[9] And yet, Plaintiff's Motion, which seeks Rule 11 sanctions, is premised on Defendants' alleged discovery misconduct.

Defendants have not violated any of Rule 11's edicts, such that even if Plaintiff had followed the rules (she did not), she is not entitled to Rule 11 sanctions against Defendants or their counsel. She is certainly not entitled to Rule 11 sanctions concerning the discovery process.

## C. The Rule 26(g) Standard

A signature made under Rule 26(g) "certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry," that a disclosure is complete and correct

---

[9] Plaintiff cites to *Stone v. Pfeiffer* on page 12 of her Motion.

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 11

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

at the time it is made and that a discovery response is consistent with the rules and existing law, or by a nonfrivolous argument for the modification of existing law, is not interposed for any improper purpose, and is not unreasonable nor unduly burdensome in the context of the case. Fed. R. Civ. P. 26(g)(1)(B)(i-iii). Rule 26(g) authorizes the court to impose sanctions if a certification by an attorney or party made thereunder violates the rule without substantial justification. Fed. R. Civ. P. 26(g)(3).

Defendants' counsel signed Defendants' responses to Plaintiff's requests for production in compliance with Rule 26(g). Like Rule 37 and Rule 11, Rule 26 does not support Plaintiff's request for sanctions.

### D. **Defendants' Discovery Conduct is Not Sanctionable**

First, Defendants' assertions concerning their lack of possession, custody, and control in response to Plaintiff's requests for production were based on (and included citation to) relevant and controlling authority from this Court. *See Plintron Techs. USA LLC v. Phillips*, Case No. 2:24-cv-00093, 2025 U.S. Dist. LEXIS 68062, *14 (W.D. Wash. April 9, 2025) (defining an individual's legal control over a separate entity's documents as whether the individual has "the legal right to obtain [responsive] documents [from those companies] upon demand." (alterations in original)).

Second, Defendants' reproduction of the State Case documents in this case is not sanctionable because Plaintiff already possessed the State Case documents before Defendants reproduced them,[10] because Defendants incorporated the State Case documents into their

---

[10] Plaintiff did not have the State Case documents Bates labeled M_STRODE_018121-019134 until DCYF produced them on February 20, 2026. However, neither did Defendants, who have not used (or sought to use) the documents in this case.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 12

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

responses to Plaintiff's requests for production served in December 2025, and because Plaintiff has been using the State Case documents to prosecute her case.

1. *Defendants—individuals—do not have possession, custody, or control over DCYF's records writ large.*

Defendants do not have possession, custody, or control over the entirety of DCYF's records. Plaintiff continues to conflate Defendants' ability to access and utilize **all DCYF's records** with Defendants' ability to utilize DCYF's **State Case document production** in discovery in this case. These are not the same documents.

Defendants have only ever represented their lack of possession, custody, and control over the former, and they have consistently maintained that the latter are available for use by all parties in this litigation. *See* Dkt. 60.

Defendants are four individuals, two of whom (Connolly and Otebele) no longer work for DCYF. Even if they had the legal right to obtain DCYF's documents on demand (they do not), as former employees, they do not even have the practical ability to *access* and search through all DCYF's document management systems. This is not argument – this is fact.

2. *Defendants reproduced DCYF's State Case document production after Plaintiff complained about their prior incorporation by reference.*

As set forth in their Joint Response in Opposition to Plaintiff's Motion to Strike (Dkt. 60), Defendants incorporated DCYF's State Case document production into discovery in this matter when they incorporated those documents by specific reference in their responses to Plaintiff's discovery requests. Defendants did so to bring the State Case documents into the realm of discovery in this case, as if they had been obtained from their third-party custodian (DCYF)

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 13

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

without requiring Plaintiff to subpoena from DCYF documents that she already possessed by virtue of her pending State Case.

To address the concern raised by Plaintiff's Motion to Strike (on which Plaintiff failed to confer with Defendants before filing), Defendants reproduced DCYF's State Case document production to Plaintiff on February 20. Now, Plaintiff complains about this too.

Defendants' reproduction included 18,000 pages of records that had been previously produced by DCYF in the State Case in September, October, and December of 2025, and 1,000 pages of supplemental records that DCYF produced for the first time on that same day. Plaintiff's Motion for Sanctions focuses on only **two** documents produced in DCYF's supplemental document production on February 20, 2026: an email between Otebele and Connolly and the Aiden's Act Review undertaken following M.S.'s injury.

Neither DCYF (who originally produced the two documents which form the basis of Plaintiff's Motion) nor Defendants (who merely reproduced DCYF's State Case document production) impermissibly withheld discovery from Plaintiff. DCYF supplemented its document production in the ordinary course of discovery in the State Case (it has a duty to do so) and Defendants reproduced what DCYF produced within the discovery period, seven months before trial, and without being compelled to do so.

**E. Plaintiff has suffered no prejudice.**

All parties have had access to and made use of DCYF's State Case document production. *See Park v. State Farm Fire & Cas. Co.*, Case No. 2:23-cv-01564-TL, 2025 U.S. Dist. LEXIS 50518, at *10-11 (W.D. Wash. Mar. 19, 2025) (declining to find that defendant was surprised by

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 14

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

plaintiff's late designation of an expert witness where plaintiff previously identified the expert and where defendant previously requested documents concerning the expert).

Plaintiff has not been prejudiced by Defendants' reproduction of DCYF's State Case document production on February 20, including DCYF's supplemental production of new documents contained therein, because

(1) No Defendant has used any of the new documents that were produced on February 20;

(2) Defendants offered Plaintiff an indefinite extension of time to file her response to Defendants' then-pending Motion for Summary Judgment to afford her time to consider and use the new documents;

(3) When Plaintiff ignored Defendants' offer of additional time to respond to their Motion for Summary Judgment, they withdrew the Motion;

(4) Plaintiff filed her response to Defendants' withdrawn Motion for Summary Judgment anyway, and supported her response with one of the two documents about which her Motion for Sanctions complains;

(5) Discovery will remain open for the next four months; and

(6) Trial is still seven months away.

Plaintiff's Motion complains of the discovery she "could have" sent, but for the timing of Defendants' production of documents (Plaintiff's Motion at p.11), but there is nothing stopping Plaintiff from serving the precise discovery described in her Motion. Discovery will remain open for the next four months. *See Park*, 2025 U.S. Dist. LEXIS 50518, at *11 ("But the prejudice is mitigated by the fact that discovery does not close in this case until June 2, 2025 [opinion issued March 19, 2025], and State Farm thus has time to gather and proffer rebuttal testimony[.]"). Indeed, since filing her Motion, Plaintiff has served each Defendant with two additional sets of requests for production. She has *not* served any Defendant with the requests for admission contemplated at page 11 of her Motion.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 15

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Plaintiff still has four months to amend or supplement her pending Motion for Partial Summary Judgment or file a new one supported by new evidence, because the dispositive motions deadline is not until July 13. That Plaintiff elected to move for summary judgment in advance of the deadline should not be used as evidence that DCYF's State Case supplementation or Defendants' reproduction thereof was prejudicial. *Id.* at *12 (declining to credit prejudice from the fact that the defendant had a pending motion for summary judgment at the time of the plaintiff's belated disclosure when the defendant moved for summary judgment in the middle of discovery).

## F. Sanctions are inappropriate.

Plaintiff's request for *any* sanction for the conduct discussed herein is unreasonable. However, Plaintiff's request for sanctions on the magnitude of that which is included in her Motion is absurd.

Although federal courts possess the inherent power to sanction improper conduct, "the court must make an express finding the sanctioned party's behavior constituted or was tantamount to bad faith. Because of their very potency, inherent powers to sanction must be exercised with restraint and discretion." *Stone*, 2023 U.S. Dist. LEXIS 160404, at *3 (cleaned up). "Willful misconduct or conduct tantamount to bad faith is something more egregious than mere negligence or recklessness." *Id.* at *6 (cleaned up). "Sanctions should be reserved for serious breaches." *Id.* (internal quotations omitted).

The primary purpose of sanctions is to deter subsequent misconduct. *In re Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986). "It follows that sanctions are not required in situations where deterrence is unnecessary or unjust; the award of expenses is prohibited where the movant did not make a good faith attempt to confer, the nonmovant's nondisclosure was substantially justified, or

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 16

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

other circumstances make an award unjust. *Rogers v. Weaver*, Case No. 2:23-cv-01160-JCC-GJL, 2024 U.S. Dist. LEXIS 173737, at *4 (W.D. Wash. Sept. 25, 2024).

When deciding whether and to what extent it should issue sanctions, the Court must determine "foremost that the conduct in question [is] in fact [] sanctionable under the authorities relied upon." *Yagman*, 796 F.2d at 1183. Furthermore, "the amount of the sanctions and the manner in which they are imposed cannot be inconsistent with the purpose and directive of the authority on which the sanctions are based." *Id.*

Plaintiff's Motion fails to identify any conduct that is "in fact [] sanctionable under the authorities relied upon." *Id.* But even if the Court disagrees, it should not impose the sanctions Plaintiff requests. Specifically, Plaintiff asks that six different sanctions be imposed against Defendants and their counsel. Defendants will address each in turn.

First, Plaintiff asks that Defendants' claims of privilege be deemed waived. Plaintiff does not specify what privilege. Notwithstanding, no privilege should be deemed waived absent a finding of bad faith on the part of the party asserting the privilege. *See Ocean Garden Prods. V. Blessings Inc.*, No. CV-18-0322-TUC-RM, 2020 U.S. Dist. LEXIS 122355, at *14 (D. Ariz. July 10, 2020) (declining to waive the attorney-client privilege as a sanction because of the absence of "bad faith, willfulness or fault"). Defendants have not acted in bad faith.

Second, Plaintiff asks that the Aiden's Act Review be deemed admissible. The Aiden's Act review is statutorily barred from use in discovery or at trial. RCW 26.44.290(2) ("A review conducted under this section is subject to the restrictions of RCW 74.13.640(4)"); *see also* RCW 74.13.640(4) ("A child fatality or near fatality review completed pursuant to this section is subject to discovery in a civil or administrative proceeding, but may not be admitted into evidence or

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S                Page 17
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

otherwise used in a civil or administrative proceeding except pursuant to this section.") Plaintiff tries to plead around the foregoing statutory mandate by arguing that "its use is limited[.]" Plaintiff's Motion at p.9.

The Aiden's Act Review's use is not limited; **it is forbidden**. RCW 26.44.290(2).

Plaintiff asks this Court to ignore unambiguous Washington law. Plaintiff's request is inappropriate and should be denied.

Third and fifth, Plaintiff asks for monetary sanctions in the amount of $1 million to be paid within 10 days of entry of the Court's order. Plaintiff does not aver that she incurred $1 million in attorneys' fees in bringing her Motion (nor could she—such a position would be absurd), nor does she offer any other basis for such an outlandish sum. As the Ninth Circuit has counseled, "Sanctions must be 'reasonable' in amount…It is difficult to assess the reasonableness of a lump-sum sanctions award, [and] [t]he task becomes impossible when the amount of the lump-sum sanctions award assumes massive proportions." *Yagman*, 796 F.2d at 1184.

Even if Plaintiff had based her sanctions request on attorneys' fees purportedly incurred, "Rule 11 'sanctions are not appropriately awarded for any portions of attorney's fees provoked by a moving party's misconduct.'" *Id.* at 1185. As demonstrated by the tone and substance of Plaintiff's counsel's correspondence excerpted herein and attached hereto, Plaintiff's request for $1 million flies in the face of the foregoing, and it should be denied.

Fourth, Plaintiff asks that Defendants and their counsel be forced to swear under oath that they have produced all documents responsive to M.S.'s discovery requests. First, there is no basis in the Rules of Civil Procedure to force counsel to swear to the completeness of a party's discovery responses. Plaintiff already tried this in L.S.'s state court case and the court rejected it.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 18

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Furthermore, until the parties can reach some consensus concerning what responsive documents Defendants can actually control (DCYF's State Case document production) and what documents Defendants cannot possess or control (anything else maintained by DCYF in its own record management system), then Plaintiff's requested sanction is unworkable on its face.

Finally, Plaintiff asks that Defendants' counsel be compelled to share the Court's order with their clients. Counsel does not require a court order to keep their clients abreast of developments in this litigation.

### G. **Defendants are entitled to their attorneys' fees for responding to Plaintiff's frivolous Motion.**

Rule 37(a)(5)(B) entitles Defendants to an award of reasonable expenses, including attorneys' fees, incurred in opposing Plaintiff's Motion for Sanctions. Fed. R. Civ. P. 37(a)(5)(B). As demonstrated by the correspondence attached hereto (some of which is excerpted below) Plaintiff's Motion for Sanctions is but the latest in an ongoing campaign of threats against Defendants' counsel.

For example, Plaintiff's counsel analogized DCYF to a flea-infested dog. [11]

> **Re:** L.S. ▮▮▮ *v. State of Washington, DCYF*
> **Pierce County Cause No. 25-2-09292-1**
>
> *Lay down with dogs*
> *Wake up with fleas*
> *-Confucius*
>
> Counsel:
>
> We write to remind you that all discovery responses and responsive documents are due **July 21, 2025**.
>
> We realize that you have not yet committed any discovery violations. Perhaps you will meet all the court-imposed deadlines, which will be unique for an attorney hired by the Office of the Attorney General. However, you knowingly agreed to trade your time for money from a disgraced party with a long history of unethical behaviors and flagrant discovery violations.

_____

[11] *See* Exhibit 8, July 15 Letter from Moody (without attachments).

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 19

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

Plaintiff's counsel accused Defendants' counsel of being untruthful in a public records request to the Washington State Department of Enterprise Services. [12]



Plaintiff's counsel threatened Defendants' counsel with a Bar complaint after advising that the price for L.S.'s state court case had increased. [13]

> At this point, the price has gone up … because things have continued to move in ▮L.S.▮'s direction at an accelerated pace. ▮L.S.▮'s case has become much stronger.[2] DCYF's defense is even weaker.

> If ▮L.S.▮ and his family do not receive complete answers and all responsive records, we will take immediate action – both in court and, if warranted, with the Bar Association.[5] We are tired of attorneys (who represent state agencies) who hide evidence in cases involving the neglect of children, the elderly and the developmentally disabled.

On September 6, Plaintiff's counsel accused Defendants' counsel (without evidence) of sharing DCYF's unredacted records with the defendants in L.S.'s federal case. [14] Counsel's accusation is patently untrue.[15]

---

[12] *See* Exhibit 9, July 16 Letter from Moody.
[13] *See* Exhibit 10, July 29 Letter from Moody.
[14] *See* Exhibit 11, September 6 Email from Moody.
[15] *See* Exhibit 1.

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 20

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

> documents in any court filing. ***Conversely, I believe that you have shared unredacted documents with your clients, including the social workers who were responsible for L.S. ███ case file. This is a one-sided situation, creating a big problem for DCYF.

After mediation in L.S.'s state court case failed, Plaintiff's counsel's threats escalated. On January 20, 2026, he directed Defendants' counsel to ask their clients **how much they would be willing to accept in exchange for the mutilation of their children**.[16] This is disgusting conduct, unbecoming of the legal profession.

> Please ask your clients how much they would accept in exchange for their child's hands being removed. How much they would accept to strap their child into a car seat and be set ablaze. How much they would accept to go through life looking like ███ L.S. ███, facing a lifetime of surgeries, social stigma, anxieties and profound psychological attachment disorders. How much? Would they accept $100 million for these things to be visited upon their child? $150 million? $200 million? I bet the answer is 'no' to each figure.

> As I mentioned, we have entered a new phase, with things continuing to ramp up today (January 20) in light of the intransigence of The State on both the State and Federal Claims. Your client will soon learn what comes next. It is going to get even worse in the court of public opinion.

These are but a few examples.[17] The letters attached hereto demonstrate a history of threats to escalate with media attention, bar complaints, and sanctions. Defendants and their counsel have done nothing to deserve such conduct. Defendants respectfully request the Court deny Plaintiff's Motion for Sanctions and enter an order awarding Defendants their reasonable attorneys' fees

---

[16] *See* Exhibit 12, January 20 Email from Moody.
[17] *See* Exhibit 13, February 3 Letter from Moody (without attachments).

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 21

**Serpe Andrews, PLLC**
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400

incurred in having to respond to it because neither Defendants nor their counsel have engaged in sanctionable conduct.

DATED this 13th day of March, 2026.

Respectfully submitted,

SERPE ANDREWS, PLLC

Amy H. Craft, WSBA No. 57433
Jonathan D. Stone, WSBA No. 61927
Kelsey L. Imam, Admitted pro hac vice
Emails: acraft@serpeandrews.com
jstone@serpeandrews.com
kimam@serpeandrews.com
sawashington@serpeandrews.com

Kelsey L. Imam, *admitted pro hac vice*
2929 Allen Parkway, Suite 1600
Houston, TX 77019
Telephone: (713) 452-4400
Email: kimam@serpandrews.com
*Attorneys for Defendants*

## CERTIFICATE

I certify that this response contains 4,193 words in compliance with the Court's local rules.

Amy H. Craft

DEFENDANTS' JOINT RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS
Cause No: 2:25-cv-02056-JHC

Page 22

Serpe Andrews, PLLC
221 First Avenue West, #200
Seattle, WA 98119
Telephone: (713) 452-4400