

| | | |
|---|---|---|
| **HOUSTON, TEXAS** | **SEATTLE, WASHINGTON** | **ALBUQUERQUE, NEW MEXICO** |
| 2929 ALLEN PARKWAY | 221 1ST AVENUE W. | 100 SUN AVENUE N.E. |
| SUITE 1600 | UNIT 200 | SUITE 641 |
| HOUSTON, TEXAS 77019 | SEATTLE, WASHINGTON 98119 | ALBUQUERQUE, NEW MEXICO 87109 |
| **AUSTIN, TEXAS** | **SANTA FE, NEW MEXICO** | **LAS CRUCES, NEW MEXICO** |
| 919 CONGRESS AVENUE | 4001 OFFICE COURT DRIVE | 2540 EL PASEO ROAD |
| SUITE 1255 | SUITE 203-204 | SUITE D |
| AUSTIN, TEXAS 78701 | SANTA FE, NEW MEXICO 87507 | LAS CRUCES, NEW MEXICO 88001 |

AMY H. CRAFT

March 17, 2026

The Honorable John H. Chun
United States Courthouse
700 Stewart Street
Suite 14134
Seattle, WA 98101-9906
*Via ECF Filing*

> Re: No. 2:25-cv-02056-JHC; *M.S., a minor, by and through her parents and legal guardians, David Strode and Sarah Strode v. Winston Brown, et al.*

**Letter Brief: <u>March 19, 2026</u> Conference; Notice of Hearing at Dkt. 72**

Dear Judge Chun,

On February 23, 2026, Defendants and their counsel requested this discovery conference to ask the Court for clarity and guidance regarding (1) the use of DCYF documents in this case and in the related L.S. case and (2) the privilege asserted by DCYF in the State case. In the short time that this case has been pending, the parties have filed numerous motions related to discovery.

All the parties' discovery motions arise out of the fact that the documents which Plaintiff seeks in this case belong to the Department of Children, Youth, and Families ("DCYF"), **<u>but Plaintiff chose not to sue DCYF in this case.</u>**

### 1. <u>DCYF Documents</u>

Ordinarily, to get documents from a non-party (like DCYF in this case), Plaintiff would be required to issue a subpoena to DCYF under Rule 45. Then, DCYF would either comply with the subpoena and produce the requested documents or move to quash or limit it. This process undoubtedly takes more time than sending requests for production to a party in the lawsuit, who has obligations under the Rules of Civil Procedure that a non-party does not have.

Plaintiff did not subpoena documents from DCYF. Instead, Plaintiff sent Defendants—non-custodial individuals—voluminous requests for production that clearly sought DCYF's documents, which Defendants lack the legal ability to possess and disseminate and the practical ability to even access.

In response to Plaintiff's requests for production, Defendants did two things:

1) First, along with timely responding to the discovery requests, Defendants disclaimed personal possession, custody, and control over any responsive DCYF documents.

Defendants simultaneously filed a Motion for Protective Order. **To date, Counsel has not provided any Defendant with any document that was not already produced in M.S.'s State Case. Counsel for Defendants, even though redundant, has now reproduced the entirety of DCYF's State Case production in this case.**

2) Second, Defendants sought and obtained the consent of DCYF to use and incorporate DCYF's State Case document production by reference in their federal court discovery responses. Defendants did this to streamline discovery between both of M.S.'s cases, since many of the documents she sought by her requests for production in federal court had already been produced by DCYF in M.S.'s State Case.

Plaintiff does not seem to contest Defendants' position that they do not have personal possession, custody, or control over the *entirety* of DCYF's records. She does not seem to dispute the legal principle that an employee generally does not have Rule 34 possession, custody, or control over her employer's records. *See Bluestar Genomics v. Song*, Case No. 21-cv-04507-JST (LJC), 2024 U.S. Dist. LEXIS 83159, at *16-17 (N.D. Cal. May 7, 2024) ("The Court finds, having reviewed Dr. Song's employment contract, Oxford's IT regulations, and Oxford's January 16-17, 2024 email correspondence with Dr. Song, that Dr. Song lacks control, namely a legal right to produce in this litigation all responsive documents from the Oxford computer system which he has access to.").

Rather, Plaintiff has taken the position that Defendants have possession, custody, and control over *all* responsive records that their <u>lawyers</u> possess. *See* Dkt. 34, Plaintiff's Opposition to Defendants' Joint Motion for Protective Order. Defendants dispute this as a general principle, especially when those documents were obtained via counsel's representation of another client. *See* Dkt. 38, Defendants' Reply in Support of Joint Motion for Protective Order.

Defendants and their counsel agree with Plaintiff **insofar as it relates to DCYF's State Case document production**. In other words, even though Defendants' counsel possesses DCYF's State Case document production by virtue of their representation of DCYF in M.S.'s State Case, they agreed to designate those documents as part of discovery in this case for the reasons outlined above and notwithstanding the fact that Defendants do not personally possess all the materials.

## 2. **The Privilege Issue**

Counsel has only ever provided Defendants with the redacted records that DCYF produced in the State Case. No Defendant has possession, custody, or control over DCYF's unredacted records, nor does any Defendant have the authority to access and produce such records because those records belong solely to DCYF.

From Plaintiff's most recent briefing wherein, for example, she asks the Court to find that the individuals waived a privilege, it appears that Plaintiff is attempting to obtain unredacted DCYF records from the Defendants in this case. However, this federal case—**in which DCYF is not a party**—is not the appropriate avenue through which to seek unredacted DCYF agency records. Furthermore, the Defendants who Plaintiff chose to sue in this case—individuals, two of whom

are no longer even DCYF employees—are not the appropriate people from whom to seek unredacted DCYF agency records.

When DCYF produced documents in M.S.'s State Case, it applied redactions to information concerning third parties. It did so in conformity with the Motion for Protective Order it filed a few days before its initial document production in state court. DCYF's Motion for Protective Order was premised on statutory privileges found in RCW 74.04.060(1)(a) and RCW 13.50.100. Plaintiff disputes the applicability of these statutes to DCYF's records, and the issue of whether and to what extent these statutes apply to DCYF's records is presently pending before the Washington Supreme Court in *J.M.I., et al. v. State of Washington*, No. 104167-5. **The judge in M.S.'s State Case stayed her ruling on DCYF's Motion for Protective Order pending the outcome of *J.M.I.*** Counsel will provide the Court with a copy of the order if requested.

### 3. Conclusion

Defendants and their counsel respectfully request clarity and guidance from this Court on the issues outlined above. These issues stem from the fact that DCYF is not a party to this case.

Defendants in both the instant case and the L.S. case face similar document-production-related issues. Defendants do intend to file dispositive motions in these cases at some point. However, neither the Defendants nor their counsel want to violate a court order or commit a discovery violation. Without intervention and guidance from the Court, counsel anticipates that the issues discussed herein will continue to compound as this case, the L.S. case, and the related state cases continue to progress. We look forward to discussing these matters with the Court.

Sincerely,

Amy H. Craft