# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

M.S. a minor, by and through her parents and legal guardians, DAVID STRODE and SARAH STRODE,

        Plaintiff,

v.

WINSTON BROWN individually, acting under color of State law; LUKE CONNOLLY, individually, acting under color of State law; DAVID OTEBELE, individually, acting under color of State law; and, RACHEL SANDERS (STRAW), individually, acting under color of State law,

        Defendants.

CIVIL ACTION NO.: 2:25-CV-02056-JHC

**PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 39)**

**NOTED FOR HEARING:**

**Friday, February 13, 2026**

## Introduction

In Plaintiff's Motion for Summary Judgment (Dkt. 39), Plaintiff provided evidence that Defendants demonstrated deliberate indifference by recognizing the risk to M.S. and exposing M.S. "to such risks without regard to the consequences to the plaintiff." *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021).

Defendants responded, insisting that no evidence existed that any Defendants acted with deliberate indifference, and sought to absolve their actions by stating that "deliberate indifference requires a **culpable mental state**." Now, we have even more evidence of Defendants' culpable mental state -- the evidence comes from Defendant Connolly's text messages.

On March 30, 2026, this Court ordered each Defendant, and each defense counsel of record, to provide a sworn statement by April 13, 2026 that, "to the best of that person's knowledge, all documents due thus far in response to Plaintiff's document requests have been produced." Dkt. 81.

On Friday afternoon, April 10, 2026, defense counsel called to share that more evidence was coming -- text messages from Defendant Luke Connolly. These text messages have been in the custody of Defendant Connolly for 3.5 years. A copy of the December 16, 2022 text messages is attached at **Appendix 1**.[1]



Defendant Connolly's December 16, 2022 text messages demonstrate the epitome of "deliberate indifference."

---

[1] The person referred to as "David" in the text message is Defendant David Otebele.



- Defendants Connolly and Otebele did not schedule any safety visits -- "David [Otebele] and I **never sent in requests** or something and looked really bad;"

- Defendant Connolly admits that he **"[T]otally was checked out from [M.S.'s] case;"** and

- Defendants Connolly and Otebele never requested or conducted visits of M.S. because **"oh well the parents and grandparents are there!"**

Plaintiff's Motion for Summary Judgment already establishes Defendants' deliberate indifference. Defendant Connolly's text messages confirm it.

**All of a Sudden -- in Response to the Court's Order**

This evidence was due five months ago.

On November 26, 2025, Plaintiff served each Defendant with Plaintiff's First Interrogatories and Requests for Production. Responses were due December 26, 2025.[2] Defendants responded to discovery by claiming they had no responsive documents. None.[3] In fact, Defendants moved this Court to enter a Protective Order that would have held that "none of the Defendants currently involved in this lawsuit have control over the documents requested by Plaintiff[.]"[4]

Later, when faced with a Motion for Summary Judgment, Defendants tried to defend their actions by producing many documents. They had been playing games with the Court. As a result, this Court ordered each defendant (and their counsel) to provide a *"sworn statement"* that *"all documents due thus far in response to Plaintiff's document requests have been produced."* Dkt. 81.

---

[2] *See* Dkt. 58 at 4-5.
[3] *Id.*
[4] Dkt. 27-7.

PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE
IN SUPPORT OF M.S.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
CASE NO. 2:25-CV-02056-JHC


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

The deadline to provide those sworn statements was April 13, 2026. On Friday, April 10, 2026, defense counsel called to disclose the existence of Defendant Connolly's text messages. Those text messages have been in Defendant Connolly's custody **for 3.5 years**.

When telling this Court that he had nothing to produce in discovery, Defendant Connolly was not truthful. He had responsive evidence the whole time, and it is ***devastating*** for the defense. Defendant Connolly did not just have documents responsive to Plaintiff's discovery requests, he had exclusive possession of his own text messages for the last 3.5 years.

Absent this Court's Order (Dkt. 81) requiring certification under oath that all responsive records have been produced, one wonders if these text messages would have ever been disclosed.[5]

### Defendant Connolly Establishes Deliberate Indifference

**1. "Totally Checked Out"**

As stated in Plaintiff's Motion for Summary Judgment, Defendants:

- Failed to notify the foster placement, Ms. Barnett, of the restrictions set forth in the January 5, 2022 Shelter Care Order;
- Took no actions to enforce the Shelter Care Order's many, specific restrictions to protect M.S.;
- Failed to visit or monitor M.S. to ensure compliance with the Shelter Care Order; and
- Failed to arrange childcare, or approve substitute caregivers, to ensure M.S.'s safety through the night while Ms. Barnett worked the graveyard shift.[6]

Defendant Connolly's December 16, 2022 text messages confirm deliberate indifference. Defendant Connolly admitted that he and Defendant Otebele failed to submit any requests to conduct safety checks, to visit M.S., or to ensure the Shelter Care Order was being followed. In his own words, Defendant Connolly was "checked out."

---

[5] Courts have discretion "to permit parties to submit supplemental materials in support of or in opposition to a motion for summary judgment." *Dentists Ins. Co. v. Yousefian*, No. C20-1076RSL, 2023 WL 4106220, at *7 (W.D. Wash. June 21, 2023). Plaintiff brings this motion the next business day after receiving these text messages. Defendants' latest disclosure was only produced after this Court's Order, which required a sworn statement that all responsive documents have been produced. Dkt. 81.

[6] Dkt. 39 at 11.



This is deliberate indifference.  Defendants "recognized the risk and actually intended to expose the plaintiff to such risks without regard to the consequences of the plaintiff." *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021).

Defendant Connolly knew the bio-parents posed an "immediate threat of serious harm" to M.S. -- he told the Court himself.  Then, Defendant Connolly admits he did nothing to protect this vulnerable, weeks-old infant who had been born drug exposed.  Defendant Connolly, by his own admission, was "totally checked out."[7]

**2.      "Oh Well, the Parents and Grandparents are There!"**

On January 5, 2022 (only three weeks prior to M.S.'s injury), Defendant Connolly told the Court that M.S.' bio-parents "**present an immediate threat of serious harm**" to M.S. and that M.S. "**would be at substantial risk of harm should she be allowed to discharge from the hospital into her mother or father's care**."[8]

Based on Defendant Connolly's findings, the Court entered a Shelter Care Order that prohibited the bio-parents from contact with M.S. unless they were supervised by Ms. Barnett or someone vetted and approved by DCYF.

Defendant Connolly's text messages reveal why neither he nor Defendant Otebele ever scheduled required safety checks for M.S.: "oh well, the parents and grandparents are there!"

There are two shocking flaws in Defendants Connolly and Otebele's reasoning.  First, there were no "grandparents."  It was just Ms. Barnett.  And when Ms. Barnett needed to work the graveyard shift, Defendants knew that M.S. would be left alone with the drug addicted bio-parents.

Second, despite informing the Court that the bio-parents posed an "immediate threat of serious harm" -- Defendants Connolly and Otebele then used the same bio-parents as an excuse to never schedule any safety checks.

---

[7] "Defendants owed a legal duty to ensure that the Shelter Care Order was followed by notifying Ms. Barnett;" Defendants "exposed M.S. to even more danger when they failed to inform Ms. Barnett of the Shelter Care Order's restrictions that prohibited unsupervised contact between the bio-parents and M.S." Dkt. 39 at 11, 26.

[8] *See* Dkt. 39 at p. 9, Dkt. 39-5.

PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE
IN SUPPORT OF M.S.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
CASE NO. 2:25-CV-02056-JHC



**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

The bio-parents' were not a reason to skip visits, they were the reason to conduct visits in the first place. Defendants Connolly and Otebele were deliberately indifferent to M.S.'s safety. Each abdicated his duty to protect M.S. from the very drug-addicted bio-parents who posed an immediate threat of serious harm to M.S.. The text messages erase any doubt.

### Conclusion

Defendants told this Court they possessed no documents. Then, compelled by this Court's Order, they were forced to disclose the existence of text messages in which Defendant Connolly admits he was "checked out" and that their failure to visit M.S. was justified because the drug-addicted bio-parents were there. These are the same bio-parents that Defendant Connolly told the Court posed "an immediate threat of serious harm" to M.S.

Defendant Connolly's text messages demonstrate the culpable mental state required to prove deliberate indifference. He recognized the risks of placing M.S. with Ms. Barnett while the bio-parents lived there, then ignored those same risks.

M.S. respectfully requests that this Court consider Defendant Connolly's December 16, 2022 text messages and grant Plaintiff's Motion for Partial Summary Judgment.[9]

I certify that this Motion contains 1,436 words, which complies with the Local Civil Rules.

---

[9] This Court should also impose sanctions for the failure to produce this evidence back in December 2025 when it was due. It is also notable that, while this evidence was not yet disclosed, Defendants moved to dismiss **_all_** of M.S.'s claims, telling this Court that there is no evidence of any deliberate indifference. *See* Dkt. 43 at p. 10 ("Plaintiff cannot prove that any Defendant violated any of her constitutional rights because she cannot prove that any Defendant acted with deliberate indifference toward her.") Seeking to dismiss all of the claims, while holding back critical evidence written by one of the named Defendants, is deplorable discovery conduct.

PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE
IN SUPPORT OF M.S.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
CASE NO. 2:25-CV-02056-JHC

DATED this 13th day of April 2026.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____

David P. Moody, WSBA No. 22853
Ryan Pittman, WSBA No. 57560
Emma Morse, WSBA No. 9914046
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: davidm@hbsslaw.com
         ryanp@hbsslaw.com

*Attorneys for Plaintiff M.S.*

PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE
IN SUPPORT OF M.S.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
CASE NO. 2:25-CV-02056-JHC



**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused the foregoing document (and all documents filed herewith) to be electronically filed with the Clerk of the Court and served on all parties or their counsel of record as follows:

**VIA ECF FILING:**

Amy Craft
Jonathan D. Stone
Serpe Andrews PLLC
600 1st Ave., Suite 500C
Seattle, WA 98104

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 13th day of April 2026 at Seattle, Washington.

_____
JeannieBeth Asuncion, Paralegal

PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE
IN SUPPORT OF M.S.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
CASE NO. 2:25-CV-02056-JHC

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX