UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.S. a minor, by and through her parents and legal guardians, DAVID STRODE and SARAH STRODE,<br><br>Plaintiff,<br><br>v.<br><br>WINSTON BROWN, individually, acting under the color of State law; LUKE CONNOLLY, individually, acting under color of State law; DAVID OTEBELE, individually, acting under color of State law; and, RACHEL SANDERS (STRAW), individually, acting under color of State law,<br><br>Defendants. | NO. 2:25-cv-02056-JHC<br><br>DEFENDANTS' JOINT OBJECTION AND RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE<br><br>***ORAL ARGUMENT REQUESTED*** |

Defendants object to Plaintiff's Second Supplemental Evidence ("Plaintiff's Second Supplement") and reassert that Plaintiff's Motion for Summary Judgment should be denied because:

1. No depositions have occurred. Discovery is still ongoing. Expert reports are not due until June 1. Trial is in October 2026.

DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE<br>Cause No.: 2:25-cv-02056-JHC

Page 1

**Serpe Andrews, PLLC**<br>600 1ST Avenue, Suite 500C<br>Seattle, WA 98104<br>Telephone: (713) 452-4400

2. Neither Plaintiff's original summary judgment evidence nor her two supplements establish "deliberate indifference," which is a high standard. Deliberate indifference is not synonymous with ambivalence. Rather, it requires a culpable mental state that exceeds even gross negligence. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 976 (9th Cir. 2011). Deliberate indifference can only be found where a state official's conduct shocks the conscience. *Pers. Rep. of the Est. of C.J.P. v. Washington*, 913 F.3d 831, 837 (9th Cir. 2019).

3. Plaintiff cannot establish that any act or omission by any Defendant, whether deliberately indifferent or not, proximately caused any of her injuries. Plaintiff's grandmother—whose legal custody she was in at the time she was injured—knew that M.S. should not be left unsupervised with her biological parents, and in fact, she was not left unsupervised with her biological parents on the eve of the incident which underlies Plaintiff's suit.

4. At the very least, additional discovery is required on the issue of **each individual Defendant's** alleged "deliberate indifference", any breaches of the standard of care, and proximate cause before the Court should grant summary judgment against any one of them.

5. Plaintiff's Second Supplement is emblematic of why she should not have moved for summary judgment only seven days after Defendants answered her First Amended Complaint and almost seven months before the close of discovery.

The evidence Plaintiff attempts to impose on the summary judgment record by way of her Second Supplement—and the inferences she attempts to draw therefrom—epitomize why her

Motion for Partial Summary Judgment must be denied. Far from establishing deliberate indifference, the at-issue text message she attaches (which consists of nothing more than a personal, an after-the-fact, off-the-cuff discussion with a friend) demonstrates that genuine issues of material fact continue to exist which preclude the granting of judgment in her favor.

## I. Plaintiff's Supplemental Evidence Does Not Demonstrate Deliberate Indifference

Plaintiff's Second Supplement consists of a single text message produced by Defendant Luke Connolly on April 13, 2026—the same day Plaintiff filed her Second Supplement. Accordingly, Plaintiff has conducted absolutely no discovery into the substance of the text message, the meaning behind it, or the purpose of its sending. So, when Plaintiff offers her explanation of the text, or what Connolly meant when he sent it, she is only guessing.

First, Plaintiff asserts, without any evidentiary support, that the "David" referred to in the at-issue text is Defendant David Otebele. But Plaintiff has not conducted any discovery to verify that this is true. Even if the text is referring to Defendant Otebele, he is not a party to the text and has not been provided a meaningful opportunity to respond to it.

Second, Plaintiff claims that Connolly's statement "I never sent in requests," means that he and Otebele "did not schedule any safety visits." *See* Plaintiff's Second Supplement at p.3. However, this is nowhere in Connolly's text message.

Then Plaintiff claims that "Defendants Connolly and Otebele never requested or conducted visits of M.S. because 'oh well the parents and grandparents are there!'" But again, that is unsupported by the actual text of Connolly's at-issue message.

DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE
Cause No.: 2:25-cv-02056-JHC

Page 3

**Serpe Andrews, PLLC**
600 1ST Avenue, Suite 500C
Seattle, WA 98104
Telephone: (713) 452-4400

So, to the extent the Court is inclined to consider the text message included in Plaintiff's Second Supplement, it should consider only the text message itself, and not Plaintiff's editorialization of the text message.

## II. Plaintiff's Supplemental Evidence Does Not Mention Defendants Rachel Sanders or Winston Brown

Plaintiff's Second Supplement (much like her Motion for Partial Summary Judgment) impermissibly lumps all Defendants together and asks the Court to find that *all* Defendants were deliberately indifferent based on *one* Defendant's text message sent eleven months after the event which underlies Plaintiff's Complaint. *See* Plaintiff's Second Supplement at p.1 ("Now, we have even more evidence of **Defendants'** culpable mental state." (emphasis added)). Plaintiff is wrong.

Plaintiff's supplemental evidence does nothing to establish the mental states of Rachel Sanders or Winston Brown—Defendant Connolly's text message does not mention either of them at all. Moreover, while Connolly's text message discusses a "David," even if this is Defendant David Otebele, Connolly's *impression* of David's conduct is irrelevant, and the Court should not consider it. *See Hanible v. Cnty. of Solano*, No. 2:21-cv-01315-SCR, 2025 U.S. Dist. LEXIS 49379, at *10 (E.D. Cal. Mar. 18, 2025) (identifying that courts should consider the relevance of the supplemental evidence when deciding whether to allow supplementation to a motion for summary judgment).

Accordingly, Plaintiff's supplement does nothing to support her case against Sanders or Brown, and if the Court is inclined to consider Plaintiff's supplement at all, then it should not consider it as to Sanders or Brown or Otebele. Plaintiff must establish each Defendant's individual

DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE
Cause No.: 2:25-cv-02056-JHC

Page 4

**Serpe Andrews, PLLC**
600 1ST Avenue, Suite 500C
Seattle, WA 98104
Telephone: (713) 452-4400

liability to her, independent of what she claims against the other Defendants, and she has not carried her burden in that respect.

### III.    No One Has Committed Discovery Misconduct

Plaintiff's footnote request for additional sanctions is unwarranted because no one (party or counsel) has committed discovery misconduct. Counsel for Defendant Connolly produced the at-issue text message shortly after receiving it from Connolly; Connolly identified the at-issue text message as being potentially responsive to Plaintiff's third requests for production to him, which were served on March 3, 2026 (almost two months *after* Plaintiff filed her Motion for Partial Summary Judgment). Neither Connolly nor counsel have withheld anything.

It bears highlighting that the at-issue text message does not contain M.S.'s name, Corena Barnett's name, or the names of either one of M.S.'s biological parents. Accordingly, it would not have "hit" on any search by Connolly using any of the foregoing terms, or any other person-specific terms that he may have used in search of materials responsive to Plaintiff's requests. Rather, armed with knowledge obtained over the course of this litigation, Connolly manually searched through his text messages from over three years ago to identify, locate, and secure the at-issue text for production in this matter. He timely turned it over to counsel, and counsel produced it to Plaintiff before any depositions occurred or were scheduled. That is a far cry from sanctionable discovery conduct.

### IV.    Plaintiff is Not Entitled to Summary Judgment in Her Favor

Try as she might, Plaintiff cannot demonstrate her entitlement to summary judgment. As Defendants noted recently, much discovery remains to be completed. Plaintiff should have waited until at or near the close of discovery to file her dispositive motion, rather than piecemealing the

DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE
Cause No.: 2:25-cv-02056-JHC

Page 5

**Serpe Andrews, PLLC**
600 1ST Avenue, Suite 500C
Seattle, WA 98104
Telephone: (713) 452-4400

record in support thereof. For every new piece of evidence with which Plaintiff runs to the Court and proclaims, "Deliberate indifference!" there is countervailing evidence already in the summary judgment record that the Court must consider. This is the epitome of a fact issue which precludes summary judgment. The Court should disregard Plaintiff's Second Supplement and deny Plaintiff's Motion for Partial Summary Judgment.

DATED this 15th day of April, 2026.

SERPE ANDREWS, PLLC

_____
Amy H. Craft, WSBA No. 57433
Jonathan D. Stone, WSBA No. 61927
Kelsey L. Imam, Admitted pro hac vice
Emails: acraft@serpeandrews.com
      jstone@serpeandrews.com
      kimam@serpeandrews.com
      sawashington@serpeandrews.com

Kelsey L. Imam, *admitted pro hac vice*
2929 Allen Parkway, Suite 1600
Houston, TX 77019
Telephone: (713) 452-4400
Email: kimam@serpandrews.com
**Attorneys for Defendants**

## CERTIFICATE

I hereby certify that this Objection contains 1,173 words, in compliance with the local rules.

_____
Amy H. Craft

DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S SECOND SUPPLEMENTAL EVIDENCE IN SUPPORT OF M.S.'S MOTION FOR PARTIAL SUMMARY JUDGMENT EVIDENCE
Cause No.: 2:25-cv-02056-JHC

Page 6

**Serpe Andrews, PLLC**
600 1ST Avenue, Suite 500C
Seattle, WA 98104
Telephone: (713) 452-4400